HONIGMAN LLP
MATTHEW S. DISBROW (State Bar. No. 294764)
2290 First National Building
Detroit, Michigan 48226
Telephone:   313-465-7000
Facsimile:    313-465-7373
mdisbrow@honigman.com

Attorneys for Defendant Cherry Hill Programs, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA LOPICCOLO AYERS, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHERRY HILL PROGRAMS, INC., a Delaware corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANT CHERRY HILL PROGRAMS, INC.'S NOTICE OF REMOVAL BASED ON DIVERSITY** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Cherry Hill Programs, Inc. ("Cherry Hill"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and by and through its undersigned counsel, respectfully submits this Notice of Removal in the above-captioned action, from the Superior Court of the State of California, County of Fresno, Case No. 19-CECG-4643,

to the United States District Court for the Eastern District of California. The grounds for removal are as follows:

## THE PARTIES

1. Plaintiff Rebecca Lopiccolo Ayers alleges she is a former employee of Cherry Hill and a resident of the State of California. (*See* Complaint, ¶ 17).

2. Cherry Hill is a corporation, formed under the laws of Delaware, with its principal office located in Marlton, New Jersey (Exhibit A, Declaration of Matthew S. Disbrow, Exhibit 1, Complaint, ¶ 15; Exhibit B, Declaration of Graham McFarland, ¶ 4).

## PROCEDURAL BACKGROUND

3. On December 26, 2019, Plaintiff filed a Complaint against Cherry Hill in the Superior Court of California, County of Fresno, in the case entitled *Ayers v.Cherry Hill Programs, Inc., et al.*, Case No. 19-CECG-4643 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit 1 to the Declaration of Matthew S. Disbrow. No other pleadings or orders have been entered in the state court action.

4. On March 9, 2020, Plaintiff caused a copy of the Complaint to be served on Cherry Hill's counsel, who acknowledged receipt of service. *See* Disbrow Declaration Exhibit 3.

5. The Complaint alleges eight causes of action against Cherry Hill: for violation of the California Labor Code and Unfair Competition Law. (*See* Complaint, ¶¶ 62-137).

6. Plaintiff seeks to represent a putative class of salaried managers employed by Cherry Hill in California and a putative class of employees who were compensated using payroll cards in California. (*Id*, ¶¶ 1-2).

7. Cherry Hill operates 92 locations in California and each location has at least one salaried manager. (Exhibit B, Declaration of Graham McFarland ¶ 5).

8. Between November 2018 and December 2018, Plaintiff was paid a minimum of $5,450 in salary for the Christmas 2018 season. (Ex. A, Disbrow Declaration Exhibit 3, Payroll Summary). Based on Plaintiff's allegations, she is asserting overtime claims that

1  exceed $4,000 per year for herself and every other putative class member, exclusive of
2  damages relating to any of her other claims asserted in the case or attorneys fees.

3  9. As Plaintiff is asserting a class action covering a four-year period, the
4  damages being sought for a putative class associated with all 92 Cherry Hill locations in
5  California would greatly exceed $75,000.00.

6  10. While Plaintiff generally alleges that individual class members' claims are
7  not valued in excess of $75,000, she does not allege any specific amount of relief sought,
8  nor does Plaintiff allege that she will seek less than $75,000 in individual relief *inclusive of*
9  *attorneys' fees and costs*. (Complaint, ¶ 13).

10  11. Cherry Hill denies Plaintiffs' claims. Nonetheless, the allegations contained
11  in the Complaint, coupled with the citizenship of the parties and the amount in
12  controversy, demonstrate that there is complete diversity of citizenship of the parties and
13  that more than $75,000 is in controversy in this case. Therefore, the Court possesses
14  subject matter jurisdiction over Plaintiff's state law claims and the case is properly
15  removed to this Court.

## **JURISDICTION – DIVERSITY OF CITIZENSHIP**

18  12. The basic statutory grants of federal-court subject-matter jurisdiction are
19  contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "federal-question"
20  jurisdiction, § 1332 for "diversity of citizenship" jurisdiction. "For a federal court to
21  exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed
22  $75,000, and the parties must be citizens of different states." *Rainero v. Archon Corp.*, 844
23  F.3d 832, 839 (9th Cir. 2016); *see also* 28 U.S.C. § 1332(a).

24  13. For purposes of diversity, a corporation is a citizen of its state of
25  incorporation and of the state where its principal place of business (i.e., its "nerve center")
26  is located. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend,* 559 U.S. 77, 80–81, 130
27  S.Ct. 1181, 175 L.Ed.2d 1029 (2010). A natural person is a citizen of the state where he or

28

3
**DEFENDANT CHERRY HILL PROGRAMS, INC.'S NOTICE OF
REMOVAL BASED ON DIVERSITY JURISDICTION**
34203247.4

she is domiciled, or resides with an intent to remain indefinitely. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597 (1989).

14.     The amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)). And because "the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover[,] [a]n assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be less than the requisite ... amount." *Id.* For purposes of removal, the Court must assume Plaintiff will prevail on each and every one of her claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Inc.*, 31 F.3d 1092 (11th Cir. 1994) (the amount-in-controversy analysis presumes that "plaintiff prevails on liability")).

15.     Where the complaint does not specify the amount of relief sought, the removing defendant may establish the amount in controversy based on the nature of the claims in the complaint and other evidence. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). The removing party need only offer proof that its estimate "is a reasonable one" and meets the amount in controversy jurisdictional threshold. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

16.     The amount in controversy includes not only damages that could be recovered by one or more members of the class, but also includes possible attorneys' fee awards, so long as the claims at issue can include awards of attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

17.     So long as one member of the putative class, including Plaintiff, can satisfy the amount in controversy requirement, supplemental jurisdiction extends to the claims of all class members even if their individual claims would otherwise fall short of the

jurisdictional threshold. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

18. Here, Cherry Hill is a Delaware corporation with its headquarters in Marlton, New Jersey. (Complaint ¶ 15; Ex. B, McFarland Declaration ¶ 4).

19. Conversely, Plaintiff alleges that she is a resident of Fresno, California. (Complaint, ¶ 17). She alleges she was a resident of California throughout the period at issue for her class claims. (*Id.* ¶¶ 18).

20. On information and belief, Plaintiff has not relocated from the state of California and based on her continued, indefinite residence in California during the alleged limitations period, intends to continue to reside in California.

21. Accordingly, Cherry Hill is a citizen of Delaware and New Jersey, while Plaintiff is a citizen of California.

22. Plaintiff seeks allegedly unpaid overtime on behalf of the class of salaried managers and alleges class members consistently worked in excess of 8 hours in one day and 40 hours in one week without overtime compensation, and also sometimes worked in excess of 12 hours in one day or seven consecutive days without additional premium wages required by the Labor Code. (Complaint ¶¶ 69-70).

23. In support of her unpaid overtime and unpaid straight time wage claims Plaintiff claims that "Plaintiff typically worked six to seven days a week for over 8 hours a day, averaging over 60 hours a week." (Complaint ¶ 26). Applying Plaintiff's alleged violation rate to her compensation would yield at least $817.60 in average alleged liability per manager per week for a Christmas season, for a total of $4,088.00. Across four years, Plaintiff or another manager (using the same violation rate) would be seeking $16,352 in unpaid overtime wages.

24. Plaintiff also alleges that Cherry Hill failed to provide her and other class members with meal and rest periods mandated by the Labor Code. Specifically, Plaintiff alleges that "Plaintiff and the Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and over ten hours in a

1  day without being provided a second lawful meal period as required by law." (Complaint
2  ¶ 40). Plaintiff seeks one hour of her regular rate of pay for each day where a required
3  meal period was allegedly not provided. Plaintiff makes a similar allegation concerning
4  rest periods, that Cherry Hill "systematically" deprived her and the class of mandatory 10-
5  minute rest breaks and failed to provide one hour of premium pay for each day the breaks
6  did not occur. (Ex. 1, Complaint ¶¶ 46-48).

7        25. For purposes of liability estimates, claims that a wage and hour practices
8  occurs "routinely" or "consistently" leads to a reasonable inference that the alleged
9  violations occurred on at least a weekly basis. *See, e.g., Campbell v. Vitran Express, Inc.*,
10 471 F. App'x. 646, 649 (9th Cir. 2012) (finding calculations assuming one missed meal
11 period and one missed rest break per week reasonable where complaint alleged that
12 defendant "regularly and consistently" failed to provide meals and breaks); *Stevenson v.
13 Dollar Tree Stores, Inc.*, No. 11-1433, 2011 WL 4928753, at *4 (E.D. Cal. Oct. 17, 2011)
14 (finding 50% violation rate for estimated missed meal breaks reasonable where the
15 complaint alleged that the plaintiffs "routinely" missed breaks); *Navarro v. Servisair, LLC*,
16 No. 08-02716, 2008 WL 3842984, at * 9 (N.D. Cal. Aug. 14, 2008) (approving calculation
17 that assumed three missed meal periods per week based on the allegations in the
18 complaint; "[p]laintiff cannot have his cake and eat it too."). Here, Plaintiff alleges that
19 she "typically" worked hours that qualify for an overtime premium, that she and the class
20 "regularly" worked without being provided the required meal breaks and that she and the
21 class were "systematically" denied required rest breaks. A reasonable estimate would hold
22 that Plaintiff alleged at least three violations of meal and rest break requirements per class
23 member per week, including as to Plaintiff.

24       26. Based on Plaintiff's allegations, Plaintiff seeks at least $817.50 in unpaid
25 meal and rest period premium pay (reflecting 15 hours of base wages for meal period
26 premiums and 15 hours of base wages for rest break premiums). Combined with her
27 overtime claim, Plaintiff is seeking at least $4,905.50 in individual wages, without
28 accounting for her other claims.

27. Plaintiff is further seeking an award of attorneys' fees on her claims under the Labor Code. (Complaint, pp. 25-28). In prior wage and hour class actions, the firm representing Plaintiff has received attorneys' fee awards of $425,000, $400,000, and $222,000 in the years 2016, 2012, and 2017, respectively. (Exhibit C, Disbrow Declaration Exhibits 4-6). Similarly, fee awards in wage and hour disputes in California routinely exceed $75,000. *See, e.g.*, *Pellegrino v. Robert Half Int'l*, 182 Cal. App. 4th 278 (Cal. Ct. App. 2010) (in action against employer for violations of wage and hour provisions of Labor Code and for unfair competition that proceeded to trial, the court reversed part of the trial court's judgment, but affirmed the award of $558,926 in attorneys' fees); *Lippold v. Godiva Chocolatier, Inc.*, No. C 10-00421 SI, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010) ("As defendant notes, at a rate of $400/hour, attorneys' fees would reach $40,000 after just 100 billable hours, and attorneys handling wage-and-hour cases typically spend far more than 100 hours on the case.") (citing, *inter alia*, *Martin v. The Old Turner Inn*, 2003 WL 22998402 (Cal. Super. Ct. 2003) (awarding $147,610 in attorneys' fees and costs in a single-plaintiff wage and hour case in which the plaintiff recovered $49,508 in compensatory and punitive damages)). If Plaintiff was successful in obtaining certification of the proposed classes and prevailed on behalf of the class or subclasses at trial, the attorneys' fee award alone is virtually certain to exceed $75,000.

28. If Plaintiff prevailed on her claims, she would recover at least $4,000 in individual wage damages and penalties and in excess of $100,000 in attorneys' fees and costs. The amount sought by Plaintiff as representative of the class, the amount in controversy, thus exceeds $75,000, when considering Plaintiff's or any individual class member's claims plus the amount of attorneys' fees that are more likely than not to be awarded if Plaintiff prevails. Supplemental jurisdiction would extend to all other class members' claims as a result.

29. Because both diversity of citizenship and the amount in controversy threshold are satisfied, this Court possesses subject matter jurisdiction and removal to this Court is proper.

## TIMELINESS OF REMOVAL

30. This Notice of Removal is timely because it was filed within 30 days after Cherry Hill received service of Plaintiff's initial pleading on March 9, 2020. 28 U.S.C. § 1446(b)(1).

31. Further, Cherry Hill will file a true and correct copy of this Notice of Removal with the Clerk in the Superior Court of the State of California, County of Fresno, and will serve all adverse parties with written notice thereof, promptly after filing the Notice of Removal with this Court. 28 U.S.C. §1446(d).

## CONSENT OF ALL DEFENDANTS

32. As set forth in the Declaration of Matthew Scott Disbrow, removal of this case is otherwise proper because all Defendants that have been joined and served, specifically Cherry Hill, have consented to the removal of this case from the Superior Court of the State of California, County of Fresno, to the United States District Court for the Eastern District of California. (Ex. A, Disbrow Decl. ¶ 5).

33. Consent is not required for the unnamed defendants, "Does 1-50." Only defendants who have been joined and served must consent to removal under 28 U.S.C. § 1441(a). *See* 28 U.S.C. § 1446(a)(2)(A).

## VENUE

34. Venue lies in the United States District Court for the Eastern District of California because the state-court action was filed and is pending in the Superior Court of the State of California, County of Fresno, which is within this judicial district.

## INTRADISTRICT ASSIGNMENT

35. Assignment to the Fresno Division of the United States District Court for the Eastern District of California is proper under 28 U.S.C. § 1446(a) and Civil Local Rule 120(d) because the state-court action was filed and is pending in the County of Fresno.

## CONCLUSION

Based on the forgoing, Cherry Hill respectfully requests that this action proceed in this Court as an action properly removed.

Respectfully submitted,

By: */s/ Matthew S. Disbrow*
HONIGMAN LLP
MATTHEW S. DISBROW (State Bar. No. 294764)
2290 First National Building
Detroit, Michigan 48226
Telephone:   313-465-7000
Facsimile:   313-465-7373
mdisbrow@honigman.com

Attorneys for Defendant Cherry Hill Programs, Inc.

DATED:  April 6, 2020

# CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2020 I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record. I also certify that the foregoing papers have been served on counsel for Plaintiff, Christina Lucio, Esq., by United States Postal Service, first-class postage fully prepaid, and by email.

By: */s/ Matthew S. Disbrow*
HONIGMAN LLP
MATTHEW S. DISBROW (State Bar. No. 294764)
2290 First National Building
Detroit, Michigan 48226
Telephone:   313-465-7000
Facsimile:    313-465-7373
mdisbrow@honigman.com